UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAUL PENZONE,<br><br>　　　　Respondent. | No. 2:18-cv-3139 DB P<br><br><br>ORDER |

Petitioner, a county inmate detained in Arizona, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he seeks to challenge an administrative decision by the State Bar of California. Presently before the court is petitioner's motion for an extension of time to file an amended petition (ECF No. 6) and his motion to proceed in forma pauperis (ECF No. 7).

**I.　Motion for an Extension of Time**

By order dated May 14, 2019, the court screened the petition and directed petitioner to file an amended petition within thirty days. (ECF No. 5.) Petitioner has requested a 180-day extension of time to file an amended petition, but he has not explained why such a lengthy extension is necessary at this time. The court will grant petitioner a thirty-day extension. However, should petitioner require additional time he may file another motion for an extension that specifies the reason additional time is required to comply with the court's order.

## II. Motion to Proceed In Forma Pauperis

The court denied without prejudice petitioner's original motion to proceed in forma pauperis because he had not filed his motion on the form used in this district. (ECF No. 5.) Petitioner was given a form used in this district and instructed that he must provide along with the application, a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of his petition.

Petitioner has filled out the in forma pauperis form used in this district. However, his application remains incomplete because he has not filed a certified copy of his jail trust account as instructed. Accordingly, the court will deny without prejudice petitioner's motion to proceed in forma pauperis. Petitioner must either pay the filing fee or file a completed application. Failure to do so will result in a recommendation that this action be dismissed.

## III. Other Motions and Requests

Petitioner's motion for an extension of time also included a motion to withdraw his consent to magistrate jurisdiction, as well as his requests that the court appoint an investigator, and provide him with transcripts, word processing equipment, and research materials. (ECF No. 6.) The court will deny his requests for an investigator, transcripts, equipment, and materials without prejudice to their renewal once plaintiff has filed an amended petition and either paid the filing fee or submitted a completed application to proceed in forma pauperis.

## IV. Motion to Withdraw Consent

Plaintiff previously filed a form indicating he consented to magistrate jurisdiction. (ECF No. 4.) Plaintiff has now requested that this action be assigned to a United States District Judge because of the nature of his claims. (ECF No. 6 at 5.)

Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(b), the reference can be withdrawn only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993) (stating that "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."). Appendix A to the Local Rules of the United States District Court, Eastern District of California expressly provides that in a habeas

2

corpus action, following notice regarding consent to assignment, if not all named parties have appeared but all who have appeared have consented, the Magistrate Judge shall act in the action pursuant to 28 U.S.C. § 636(c) until the action is reassigned to a District Judge. This case is currently proceeding pursuant to 28 U.S.C. § 636(c) because petitioner consented to magistrate jurisdiction and respondent has not yet been ordered to appear.

Accordingly, petitioner must show "good cause" or "extraordinary circumstances" in order to withdraw his consent. Petitioner has stated that "due to the nature of [his] claims and the circumstances surrounding the events leading up to this petition, he contends that the court should reassign this matter to a U.S. Judge to review on the merits the severity of his claims." (ECF No. 6 at 5.) This conclusory statement alone is not sufficient to show the existence of good cause or extraordinary circumstances.

Further, the Ninth Circuit held in <u>Williams v. King</u>, 875 F.3d 500, 504 (9th Cir. 2017), that "jurisdiction cannot vest [in the magistrate judge] until the court has received consent from all parties to an action." Thus, the undersigned does not have jurisdiction to enter any final judgment in this action unless the respondent is directed to appear and thereafter consents to magistrate jurisdiction.

Accordingly, the court will deny without prejudice petitioner's motion to withdraw his consent to magistrate jurisdiction.

**V.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an extension of time (ECF No. 6) is granted;

2. Petitioner shall file an amended petition for writ of habeas corpus within thirty days of service of this order;

3. Petitioner's motion to proceed in forma pauperis (ECF No. 7) is denied without prejudice;

4. Within thirty days of the date of this order petitioner shall submit a completed application to proceed in forma pauperis or pay the filing fee.

////

5. Petitioner's motion to withdraw his consent to magistrate judge jurisdiction (ECF No. 6) is denied.

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

7. The Clerk of the Court is directed to send to petitioner an Application to Proceed In Forma Pauperis by a Prisoner.

Dated: June 6, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/bart3139.111

4