UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PAUL PENZONE,<br><br>　　　　　　Respondent. | No. 2:18-cv-3139 DB P<br><br><br>ORDER |

Petitioner, a county inmate detained in Arizona, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge an administrative decision by the State Bar of California. Presently before the court is petitioner's second motion to proceed in forma pauperis (ECF No. 9), motion to waive payment (ECF No. 10), and his motion captioned "Renewed Omnibus Motion" (ECF No. 11). For the reasons set forth below the court will grant the motion to proceed in forma pauperis, deny the motion to waive payment, and direct petitioner to file an amended petition within thirty days.

**IN FORMA PAUPERIS**

Petitioner has now filed a complete application to proceed in forma pauperis. (ECF No. 9.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

1

## MOTION TO WAIVE PAYMENT

Petitioner has filed a motion requesting a fee waiver. (ECF No. 10.) He specifically asks the court to waive payment of the inmate filing fee. Petitioner argues that he is presently incarcerated and thus has no income, savings, or assets.

As set forth above, petitioner has now filed a complete application, was granted in forma pauperis status, and is not required to pay the filing fee for this action. Accordingly, the court will deny as moot petitioner's request to be excused from the filing fee requirement.

## OMNIBUS MOTION

By order dated May 15, 2019, the court screened the original petition and found petitioner's claims were not cognizable in a federal habeas action. (ECF No. 5.) However, the court granted petitioner the opportunity to amend as it appeared he may have intended to assert a claim related to his underlying conviction. Thereafter, petitioner requested a 180-day extension of time to file an amended petition. (ECF No. 6.) The court found that petitioner had not shown good cause for such a lengthy extension but granted him an additional thirty days in which to file an amended petition. (ECF No. 8.) Petitioner has now filed a "Renewed Omnibus Motion" and again requested a 180-day extension of time to file an amended petition. (ECF No. 11 at 3.)

In support of his motion, petitioner argues that he needs a lengthy extension in order to obtain a transcript to support is claims, the jail refuses to provide any research or word processing equipment in support of his appeal, and he needs an investigator to make a substantial showing of the denial of a constitutional right.

There is nothing contained in petitioner's motion to justify the imposition of such a lengthy stay. Petitioner does not need the transcripts of any proceedings or word processing equipment to file an amended petition. Rule 2 of the Rules Governing § 2254 Cases sets forth the requirements for filing a petition for writ of habeas corpus. Specifically Rule 2(c) states that the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Thus, there is no requirement that petitioner provide the transcripts along with the petition to support his allegations. Nor does the petition need to be typewritten. Further, it appears that petitioner has access to some legal materials as his filings contain citations to statues and case law.

Petitioner may file an amended petition if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To the extent petitioner seeks relief other than his immediate or speedier release from confinement he cannot pursue such relief in a habeas action. Petitioner's filings indicate that he seeks to appeal an administrative decision of the California State Bar. However, such relief is not available in a petition for writ of habeas corpus. Thus, if petitioner only seeks to appeal the State Bar's decision he should voluntarily dismiss this action and purse that claim in a separate action. Petitioner has referenced a 2013 criminal case from the District of Alaska. Plaintiff could pursue a habeas claim based on that conviction. However, such as claim should not be pursued in this court as venue is improper in this district.[1]

Finally, petitioner has requested that the court appoint an investigator from the Federal Public Defender's Office under 18 U.S.C. § 3006A(e). (ECF No. 11 at 5.) However, the court will not consider such a request until petitioner has articulated a claim that is cognizable in federal habeas corpus and shown that venue is proper in this district.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 9) is granted;
2. Petitioner's motion to waive payment (ECF No. 10) is denied as moot;
3. Within thirty days of the date of service of this order petitioner shall voluntarily dismiss this action under Rule 41 or file an amended petition based on a claim that he is in custody in violation of the Constitution or laws or treaties of the United States.

////

---

[1] Venue is proper in the district where petitioner is incarcerated or in the district court for the district within which he was convicted and sentenced. 28 U.S.C. § 2241(d).

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 23, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Habeas/bart3139.scrn